UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cr-259 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| KENCION KENNIS McPHERSON and ) | |
| KEITH ANTHONY JACKSON, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |
| ) | |

Defendants Kencion McPherson and Keith Anthony Jackson are charged in a second superseding indictment with armed robbery at the Citizens Credit Union in Kalamazoo, Michigan, on January 28, 2003. 18 U.S.C. §§ 2113(a), (d). The government's case appears to be based, at least in part, on the testimony of Laron Braxton, who has already entered a plea of guilty in this case, and Eric Cunningham, who has pled guilty to misprision of felony in a related matter. (*United States v. Cunningham*, case no. 1:07-cr-214). Presently pending before the court are motions by defendants McPherson and Jackson to compel the government to produce all statements made by Cunningham and Braxton concerning this case, as well as all information concerning benefits conferred upon or promised to Braxton and Cunningham for their cooperation with the government. Finally, defendants seek disclosure of the criminal histories of both men.


The government has filed a response to the motion, and defendants have filed a reply brief. By order of reference entered March 14, 2008, District Judge Janet T. Neff referred these discovery motions to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

## Discussion

The Constitution does not establish a general right of discovery in criminal cases. Discovery available to a criminal defendant is relatively constricted, *see Wetherford v. Bursey*, 429 U.S. 545, 559 (1977), and is generally limited to three areas: (1) those items that the government must disclose under Fed. R. Crim. P. 16; (2) disclosure of previous statements of testifying witnesses pursuant to the *Jencks* Act, 18 U.S.C. § 3500; and (3) disclosure of information falling within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. *See United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) (In most criminal prosecutions, these three rules "exhaust the universe of discovery to which the defendant is entitled.").

To avoid needless motion practice, the district judges of this court have promulgated Administrative Order no. 06-085 (Aug. 8, 2006). That order recites that it is "designed to exhaust the discovery to which a defendant is ordinarily entitled and to avoid the necessity of counsel for the defendants filing routine motions for routine discovery." (Order, ¶ O). The court's administrative order requires the government to reveal to defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland* (Order, ¶ D), and to obtain and safeguard all *Jencks* Act material (Order, ¶ E). The court's standing order recognizes that the court "cannot compel the government to disclose *Jencks* Act statements prior to the trial." (Order, ¶ E,

citing *Presser*, 844 F.2d at 1283).  The order also notes the statements by the Court of Appeals in *United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992), in which the government is urged (but not compelled) to produce such material well in advance of trial to allow an adequate opportunity for trial preparation.  *Id.*

In its response to defendants' motion, the government recognizes its duty to disclose evidence favorable to an accused where the evidence is material either to guilt or to punishment, including impeachment evidence.  (Govt. Brief, docket # 76, at 4, citing *Bell v. Bell*, 512 F.3d 223, 232 (6th Cir. 2008) (*en banc*)).  Relying on the *Jencks* Act, the government argues that it is not required to produce previous statements of testifying witnesses until after the witness has testified on direct examination.  18 U.S.C. § 3500(a).  This is, of course, precisely what the *Jencks* Act says.  The Sixth Circuit consistently holds that when allegedly exculpatory *Brady* material is also covered by the *Jencks* Act, the terms of the *Jencks* Act govern the timing of the government's disclosure.  *See United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002); *accord Presser*, 844 F.2d at 1283 ("If impeachment evidence is within the ambit of the *Jencks* Act, then the express provisions of the *Jencks* Act control discovery of that kind of evidence.").  On this basis, the government does not oppose production of the previous statements and grand jury testimony of Braxton and Cunningham, but asserts that production can only be made in accordance with the timing requirements of the *Jencks* Act.[1]  Consequently, the disagreement between the parties is essentially one of timing, not of discoverability.

---

[1] The government has offered to produce this information on the Friday before trial begins, in accordance with its standard policy.  This is more than *Jencks* requires and, furthermore, is more than the court could compel in most cases.

In response to the government's position, defendants seek to distinguish *Presser* and its progeny, asserting that they do not answer the question whether the court can compel pretrial disclosure of *Brady* material that is covered by the *Jencks* Act. Defendants make the untenable argument that the Sixth Circuit cases upon which the government relies all discuss appellate standards and do not forbid the court from ordering the immediate pretrial disclosure of witness statements "to provide the defendants due process and to promote interest of fairness." (Defendants' Reply Brief at 3, docket # 79). Defendants' argument suffers from two patent flaws. First, the language of *Presser* and its progeny is sweeping and does not support defendants' narrow reading of the rule. *See Presser*, 844 F.2d at 1283 ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the [*Jencks*] Act must be adhered to, and, thus, the government may not be compelled to disclose *Jencks* Act material before trial."). Indeed, in *United States v. Minsky*, 963 F.2d at 876, the Sixth Circuit acknowledged the binding nature of *Jencks*, while at the same time suggesting that the government might wish to make an earlier disclosure. These cases simply cannot be read as leaving the door ajar for an order compelling early disclosure of *Jencks* Act material in the court's discretion. Second, defendants cite no decision, either from the Sixth Circuit or from any district court in the circuit, that supports their theory of the discretionary authority of the court to compel the government to make early disclosure of *Jencks* material. Defendants' efforts to point out the central importance of the testimony of these two witnesses and the alleged lack of any other proof of guilt does not change this result.

For the reasons set forth above, the court is powerless to order the government to disclose the previous statements and grand jury testimony of Cunningham and Braxton earlier than the time required by the *Jencks* Act or this court's standing administrative order. This ruling leaves

two other items of requested discovery. First, defendants seek disclosure of any benefits conferred upon Braxton and Cunningham by the government in exchange for their testimony. The government has already disclosed the plea agreement with Cunningham, and it asserts that it has already disclosed that no consideration was afforded Braxton. Defendants are skeptical of the government's statements, but they provide no basis upon which the court might conclude that the government is violating its *Brady* obligations. "[T]he government typically is the sole judge of what evidence in its possession if subject to disclosure. If it fails to comply adequately with the discovery order requiring it to disclose *Brady* material, it acts at its own peril." *Presser*, 844 F.2d 1281. As the government is already subject to this court's standing order concerning disclosure of *Brady* material, nothing further is required.

Second, defendants seek disclosure of the criminal histories of Braxton and Cunningham. Criminal histories and possible *Brady* material are not subject to the *Jencks* Act, and they are generally a matter of public record. The government has not advanced any reason why it or the witnesses would be prejudiced by disclosure of this material in time for "effective use at trial." The government will therefore be directed to produce these criminal histories no later than the Wednesday before trial, which will afford defense counsel two business days to follow up on this information before the start of trial.

## **Conclusion**

Defendants' motion for discovery will be denied for the most part, as defendants have already been afforded all the relief to which they are entitled by the court's standing administrative discovery order. The government will be required, however, to disclose the criminal histories of Eric Cunningham and Laron Braxton on the Wednesday before trial begins.

Dated:   April 1, 2008                                 /s/  Joseph G. Scoville
                                                                  United States Magistrate Judge